**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GUILLERMO MARTI and FELICIA MARTI JT TEN, derivatively on behalf of CASSAVA SCIENCES, INC., | Case No.: 1:24-cv-02223 |
| Plaintiff, | Hon. John F. Kness, U.S. District Court Judge |
| vs. | Hon. Jeffrey Cole, U.S. Magistrate Judge |
| REMI BARBIER, ERIC J. SCHOEN, RICHARD J. BARRY, ROBERT Z. GUSSIN, MICHAEL J. O'DONNELL, SANFORD R. ROBERTSON, and PATRICK J. SCANNON, | |
| Defendants, | |
| and | |
| CASSAVA SCIENCES, INC., | |
| Nominal Defendant. | |
| JOSE GARZA, derivatively on behalf of CASSAVA SCIENCES, INC., | Case No.: 1:24-cv-02725 |
| Plaintiff, | Hon. John F. Kness, U.S. District Court Judge |
| vs. | |
| REMI BARBIER, ERIC J. SCHOEN, RICHARD J. BARRY, ROBERT Z. GUSSIN, MICHAEL J. O'DONNELL, SANFORD R. ROBERTSON, and PATRICK J. SCANNON, | |
| Defendants, | |
| and | |
| CASSAVA SCIENCES, INC., | |
| Nominal Defendant. | |

**UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER
DERIVATIVE ACTIONS, APPOINT LEAD COUNSEL FOR PLAINTIFFS, AND STAY
CONSOLIDATED ACTION**

Plaintiffs Guillermo Marti, Felicia Marti JT Ten, and Jose Garza ("Plaintiffs") respectfully move for entry of an Order: (i) consolidating the above-captioned actions pursuant to the terms set forth in the [Proposed] Order submitted concurrently herewith; (ii) appointing The Brown Law Firm, P.C. ("The Brown Law Firm") as lead counsel ("Lead Counsel") for plaintiffs in the consolidated action; (iii) staying the consolidated action through a ruling on any motion for class certification in the related federal securities class action captioned *Baker v. Cassava Sciences, Inc. et al*, Case No. 1:24-cv-00590-DAE (the "Securities Class Action") pursuant to the terms set forth in the [Proposed] Order submitted concurrently herewith; and (iv) granting such further relief as the Court deems just and proper.

Counsel for Plaintiffs has conferred with counsel for Defendants[1] in the above-captioned actions, and Defendants agree that the cases should be consolidated and stayed pending a ruling on a motion for class certification in the Securities Class Action pursuant to the Parties' agreed-to terms set forth in the [Proposed] Order. Defendants take no position on the appointment of Lead Counsel for plaintiffs in the consolidated action.

## BACKGROUND

On March 18, 2024, plaintiffs Guillermo Marti and Felicia Marti JT Ten filed a shareholder derivative action on behalf of nominal defendant Cassava Sciences, Inc. ("Cassava" or the "Company") alleging causes of action for violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for contribution under Sections 10(b) and

---

[1] "Defendants" means Cassava Sciences, Inc. together with individual defendants Remi Barbier, Eric J. Schoen, Richard J. Barry, Robert Z. Gussin, Michael J. O'Donnell, Sanford R. Robertson, and Patrick J. Scannon (the "Individual Defendants"). Plaintiffs and Defendants, taken together, are referred to herein as the "Parties."

21D of the Exchange Act, against the Individual Defendants captioned *Marti et al. v. Barbier et al.*, Case No. 1:24-cv-02223 (the "*Marti* Action"). (*Marti* Action, ECF No. 1).

Later, on April 4, 2024, plaintiff Jose Garza filed a shareholder derivative action on behalf of nominal defendant Cassava in this Court alleging substantially similar claims as those alleged in the *Marti* Action captioned *Garza v. Barbier et al.*, Case No. 1:24-cv-02725 (the "*Garza* Action" and together with the *Marti* Action, the "Related Actions") against substantially the same defendants. (*Garza* Action, ECF No. 1).

In addition to the Related Actions, Cassava and certain of the Individual Defendants are named as defendants in the Securities Class Action. (Securities Class Action, ECF No. 1).

To promote the efficient prosecution of the Related Actions, Plaintiffs now seek for the Court to consolidate the Related Actions, appoint Lead Counsel for plaintiffs in the consolidated action, and stay the consolidated action pending a ruling on a motion for class certification in the Securities Class Action pursuant to the terms set forth in the [Proposed] Order.[2] Defendants agree that the Related Actions should be consolidated and that the consolidated action should be stayed pending a ruling on a motion for class certification in the Securities Class Action pursuant to the terms set forth in the [Proposed] Order. Defendants take no position on the appointment of Lead Counsel for plaintiffs in the consolidated action.

## **ARGUMENT**

### 1.     **The Related Actions Should be Consolidated**

Plaintiffs respectfully request that the Related Actions be consolidated. The power to

---

[2] The Parties previously filed a stipulation with the Court requesting the same relief as requested herein on July 19, 2024. On July 30, 2024, Your Honor entered a Minute Entry requesting that "the parties file this stipulation as a motion to consolidate, in accordance with the Court's motion policy[.]"

consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Seoul Semiconductor Co. v. Ace Hardware Corp.*, 2024 WL 2939050, at *2 (N.D. Ill. June 11, 2024) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Midwest Cmty. Council v. Chicago Park Dist.*, 98 F.R.D. 491, 499 (N.D. Ill. 1983) ("If two cases appear to this court to be of like nature and relative to the same question, if a joint trial of them would avoid unnecessary costs and delay, and it is reasonable to try them together, it is within the Court's discretionary power to order consolidation."). Consolidation is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Consolidation in the Northern District of Illinois is further governed by Local Rule 40.4, which provides that "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge." In considering consolidation, courts must find the following criteria met:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b); *see also Blocker v. City of Chicago*, 2011 WL 1004137, at *2 (N.D. Ill. Mar. 16, 2011) ("The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap."). In the context of shareholder derivative litigation, consolidation is "particularly appropriate" as "the 'cost of

defending [] multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought.'" *Millman ex rel. Friedman's Inc. v. Brinkley*, 2004 WL 2284505, at *2 (N.D. Ga. October 1, 2004) (internal citation omitted).

Here, the Related Actions present the same common questions of law and fact, involve the same defendants, and seek overlapping relief on behalf of the Company. Indeed, the Related Actions both allege that current and former officers and directors of Cassava breached their fiduciary duties to the Company by, *inter alia*, making a series of materially false and misleading statements to the investing public concerning the accuracy and reliability of data the Company was holding out as demonstrating the efficacy of Cassava's drug candidate, simufilam. Moreover, the Related Actions name as defendants the same seven Individual Defendants. *See Marti* Action, ECF No. 1; *Garza* Action, ECF No. 1. Therefore, consolidation of the Related Actions is appropriate to prevent unnecessary duplication of efforts and to conserve the resources of the Parties and the Court. All Parties will benefit from the efficiencies, coordination of effort, and consistency of adjudication that consolidation would create. Judicial economies and the interests of the Company would best be served by formally consolidating the Related Actions to avoid separate litigation of the same questions of fact and law in different cases.

As such, Plaintiffs respectfully request that the Court consolidate the Related Actions and any subsequently filed derivative actions regarding similar claims and conduct into a consolidated action under the new caption *In re Cassava Sciences, Inc. Derivative Litigation*, Lead Case No. 1:24-CV-02223 (the "Consolidated Action"). *See, e.g., Troy Stacy Enter. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action."). The Parties agree that the Consolidated Action should be consolidated pursuant to the terms set forth in the [Proposed] Order

filed concurrently herewith.

2.      **Appointment of The Brown Law Firm as Lead Counsel**

A.      **A Leadership Structure is Necessary for the Effective Prosecution of the Consolidated Action**

The authority to appoint lead counsel in shareholder derivative actions derives from the inherent authority of courts "to create an efficient case-management structure." *N. Miami Breach Gen. Emps. Ret. Fund v. Parkinson*, 2011 WL 12465137, at *1 (N.D. Ill. July 5, 2011) ("[T]he Court has the authority to appoint [] lead [] counsel in a derivative action in order to create an efficient case-management structure."); *see also Hacker v. Peterschmidt*, 2006 WL 2925683, at *2-3 (N.D. Cal. Oct. 12, 2006) ("Upon consolidation, pursuant to Rule 42(a), the district court, 'if it sees fit, may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases and accordingly assign the designated lawyers specific responsibilities.'").

In order to realize the efficiencies made possible by consolidation of the Related Actions, Plaintiffs respectfully submit that The Brown Law Firm should be designated as Lead Counsel for plaintiffs in the Consolidated Action.

B.      **The Brown Law Firm Is Qualified to Serve as Lead Counsel**

The court's responsibilities in appointing lead counsel include assessing counsel's qualifications, experience, competence, and commitment to prosecuting the action on behalf of plaintiffs. *See* Manual for Complex Litigation (Fourth) § 10.224 (2004). The Brown Law Firm is well capitalized and fully capable and prepared to staff and finance this derivative litigation and has extensive experience in handling complex shareholder derivative litigation, having served as lead or co-lead counsel in numerous derivative cases around the country. *See* Exhibit A (firm resume of The Brown Law Firm).

To illustrate, The Brown Law Firm, serving as lead counsel, was instrumental in obtaining

6

a $15.625 million total settlement on behalf of SeaWorld Entertainment, Inc. ("SeaWorld"), in which a $12.5 million cash payment to SeaWorld as well as substantial corporate governance reforms were obtained. *Kistenmacher v. Atchison, et al.*, C.A. No. 10437 (Del. Ch. Court).

The Brown Law Firm's successes also include the global settlement of derivative actions involving comScore, Inc. filed in state court in Virginia and the Southern District of New York, in which the settlement received court-approval. The Brown Law Firm, serving as lead counsel for plaintiffs in state court in Virginia, was instrumental in obtaining a $10 million cash payment for comScore and causing comScore to institute a vast array of reforms to its corporate governance. *In re comScore, Inc. Virginia S'holder Deriv. Litig.*, Case No. CL-2016-0009465 (Va. Cir. Ct., Fairfax Cnty.); *In re ComScore, Inc. S'holder Deriv. Litig.*, Case No. 1:16-cv-09855-JGK (S.D.N.Y.).

The Brown Law Firm also served as lead counsel for stockholders in a derivative action brought on behalf of Henry Schein, Inc. in the United States District Court for the Eastern District of New York and achieved a settlement consisting of various corporate governance policies that, *inter alia*, bolstered Henry Schein's antitrust compliance and guided the company through future mergers and acquisitions processes. *In re Henry Schein, Inc. Deriv. Litig.*, Case No. 1:19-cv-06485 (E.D.N.Y.).

In addition, The Brown Law Firm served as co-lead counsel for stockholders in a derivative action brought on behalf of The RealReal, Inc. in the United States District Court for the District of Delaware, achieving a settlement involving significant corporate governance reforms, including improvements to the company's product consignment authentication practices by: amending the Chief Operating Officer's responsibilities to include overseeing the authentication process; requiring semi-annual assessments of all authentication staff; and mandating training for all new

authenticators. The reforms included mandatory semi-annual reports to the board of directors addressing issues facing retail sales practices and any other issues faced by The RealReal customers, and creation of a management-level risk and compliance committee. *In re The RealReal, Inc. Stockholder Deriv. Litig.*, Case No.: 20-cv-1212 (D. Del.).

The Brown Law Firm also served as lead counsel for stockholders in a derivative action brought on behalf of Gogo Inc. in the United States District Court for the Northern District of Illinois, achieving a settlement in which, *inter alia*, three new management-level committees were created, including a Technology Oversight Committee, Ethics Committee, and Risk Committee. These corporate governance reforms were designed to enhance Gogo's risk management, compliance efforts, and disclosures at the executive and board levels. *Nanduri v. Gogo Inc. et al.*, Case No.: 1:18-cv-06524 (N.D. Ill.).

The Brown Law Firm had a leading role in negotiations of a settlement that comprised sweeping reforms to CoreCivic, Inc.'s prison system in a global settlement of derivative actions filed in state court in Tennessee and the Middle District of Tennessee, which settlement received court-approval. The reforms included improvements to staffing, safety, and security policies and procedures, and to healthcare services supplied to inmates. The Brown Law Firm served as lead counsel for plaintiffs in state court in Tennessee. *Delgrosso v. Ferguson, et al.*, Consolidated Case No: 16-1228-IV (Davidson County, Tennessee Chancery Court); *In re CoreCivic, Inc. Shareholder Deriv. Litig.*, Case No.: 3:16-cv-03040 (M.D. Tenn.).

In addition, The Brown Law Firm led the negotiations with Kahn Swick & Foti, LLC of a settlement of derivative litigation brought on behalf of Newell Brands Inc. in the United States District Court for the District of Delaware and in state court in New Jersey, in which the settlement received court-approval. The settlement involved corporate governance reforms that included the

addition of two new independent directors to the Board; enhanced oversight over the Company's public disclosures; amendments to the insider stock trading policy; and a new procedure for oversight of repurchases. The Brown Law Firm was lead counsel for plaintiffs in the action in the United States District Court for the District of Delaware. *In re Newell Brands Inc. Derivative Litigation*, Lead Case No. 1:18-cv-1696 (D. Del.); *Streicher v. Polk, et al.*, HUD-L-001853-23 (N.J. Super. Ct. Law Div.).

The Brown Law Firm also served in the role of lead counsel for stockholders in a derivative action brought on behalf of Synchrony Financial in the United States District Court for the District of Connecticut in which the parties reached a settlement that recently received final court-approval. The settlement involved corporate governance reforms that included, *inter alia*, expanding the responsibilities of Synchrony's Chief Credit Officer, Chief Risk Officer, and Chief Compliance Officer; improvements to the Ombuds Program Policy that foster the reporting of any ethical and legal violations; improvements to the Disclosure Committee and Risk Committee; and heightened oversight of stock repurchases. *In re: Synchrony Financial Derivative Litigation*, Lead Case No. 3:19-cv-00130-VAB (D. Conn.).

In addition, The Brown Law Firm served as co-lead counsel for stockholders in a derivative action brought on behalf of Clover Health Investments, Corp. in the United States District Court for the Middle District of Tennessee in which the parties reached a settlement that recently received final court-approval. The settlement involved corporate governance reforms that included, *inter alia*, the appointment of a new independent director to the Board, credit for previous appointments of two new independent directors to the Board in 2023, the adoption of new Anti-Kickback, Marketing, and Recoupment policies, the appointment of a Chief Corporate Compliance Officer, and the creation of a new, formally chartered Clinical Committee charged with overseeing the

company's health-related strategies and initiatives. *Sun v. Garipalli et al*, Lead Case No. 3:21-cv-00311 (M.D. Tenn.).

Further, The Brown Law Firm was lead counsel for stockholders in a derivative action brought on behalf of Omega Healthcare Investors, Inc. in the United States District Court for the District of Maryland in which the parties reached a settlement that recently received final court-approval. The settlement involved corporate governance reforms designed to improve Omega's diversity and anti-discrimination practices. The reforms include, *inter alia*, the appointment of a new African-American, female, and independent director to the Board; the creation of an Environmental, Social, and Governance Steering Committee and Charter to advance Omega's governance, sustainability and diversity inclusion programs; and the creation of a new diversity training program that provides periodic Diversity and Inclusion training for all Company employees and officers. *Wojcik v. Omega Healthcare Investors, Inc., et al.*, Civil Action No. 1:20-cv-03491-JKB (D. Md.).

Thus, The Brown Law Firm has achieved outstanding results for shareholders in shareholder derivative litigation, and the breadth of success of The Brown Law Firm should weigh heavily in favor of appointing the firm as Lead Counsel. *See In re India Globalization Capital, Inc., Derivative Litig.*, 2020 WL 2097641, at *4 (D. Md. May 1, 2020) ("In addition to the impressive resumes of named counsel in this case [The Brown Law Firm and another firm were appointed co-lead counsel], both firms have extensive experience in shareholder derivative litigation."); *Allred on behalf of Aclaris Therapeutics, Inc. v. Walker*, 2021 WL 5847405, at *4 (S.D.N.Y. Dec. 9, 2021) (finding that the Brown Law Firm and another firm had "extensive experience in shareholder derivative actions[,]" weighing in favor of final approval of the stockholder derivative settlement).

Accordingly, The Brown Law Firm should be appointed as Lead Counsel for plaintiffs in the Consolidated Action.

### 3. The Consolidated Action Should Be Stayed

The allegations in the Related Actions substantially overlap with those in the Securities Class Action. Thus, the Parties agree that resolution of any motion for class certification in the Securities Class Action will inform the manner in which the Consolidated Action proceeds, and the Parties believe that the interests of justice and efficient and effective case management would best be served by staying the Consolidated Action through a ruling on any motion for class certification in the Securities Class Action. The Parties agree that the Consolidated Action should be stayed pursuant to the Parties' agreed-to terms set forth in the [Proposed] Order filed concurrently herewith.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move for entry of an Order, substantially in the form as the [Proposed] Order submitted concurrently herewith: (i) consolidating the Related Actions and any subsequently filed action regarding similar claims and conduct; (ii) appointing The Brown Law Firm as Lead Counsel for plaintiffs; (iii) staying the consolidated action through a ruling on any motion for class certification in the Securities Class Action pursuant to the terms set forth in the [Proposed] Order; and (iv) granting such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 27, 2024

**THE BROWN LAW FIRM, P.C.**
_/s/ Timothy Brown_
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

_[Proposed] Lead Counsel for Plaintiffs_

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
Eitan Kimelman
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com
Email: eitank@bgandg.com

_Counsel for Plaintiff Jose Garza_

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a copy of the foregoing document was filed with the Court's CM/ECF system which served the same on all counsel of record.

This 27th day of August, 2024.

*/s/ Timothy Brown*
Timothy Brown