**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GUILLERMO MARTI and FELICIA MARTI JT TEN, derivatively on behalf of CASSAVA SCIENCES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> REMI BARBIER, ERIC J. SCHOEN, RICHARD J. BARRY, ROBERT Z. GUSSIN, MICHAEL J. O'DONNELL, SANFORD R. ROBERTSON, and PATRICK J. SCANNON, <br><br> Defendants, <br><br> and <br><br> CASSAVA SCIENCES, INC., <br><br> Nominal Defendant. | No. 24-cv-02223 <br><br> Judge John F. Kness |
| JOSE GARZA, derivatively on behalf of CASSAVA SCIENCES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> REMI BARBIER, ERIC J. SCHOEN, RICHARD J. BARRY, ROBERT Z. GUSSIN, MICHAEL J. O'DONNELL, SANFORD R. ROBERTSON, and PATRICK J. SCANNON, <br><br> Defendants, <br><br> and <br><br> CASSAVA SCIENCES, INC., <br><br> Nominal Defendant. | No. 24-cv-02725 <br><br> Judge John F. Kness |

### ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINTING LEAD COUNSEL FOR PLAINTIFFS, AND STAYING CONSOLIDATED ACTION

THIS MATTER HAVING been presented to the Court by plaintiffs Guillermo Marti, Felicia Marti JT Ten, and Jose Garza, the Court having been duly advised,

IT IS HEREBY ORDERED that:

1. All proceedings, deadlines, hearings, ADR requirements, and conferences in the Consolidated Action and any deadlines to move, answer, plead or otherwise respond to the complaint, shall be stayed or vacated through a ruling on any motion for class certification in the Securities Class Action.

2. During the stay, Cassava shall promptly notify Plaintiffs of any related stockholder derivative actions, demands for books and records under 8 Del. C. § 220 or litigation demands made upon Cassava's board of directors that concern the same or similar subject matter as the Complaint in the Related Actions.

3. In the event that (a) a related stockholder derivative action is filed in this district or any other; and (b) that action is not stayed for a period of equal or greater duration, Cassava shall promptly notify Plaintiffs thereof, and Plaintiffs may lift the stay by providing thirty (30) days' notice to Cassava's undersigned counsel via email.

4. Following the expiration or lifting of the stay, Cassava will not move to stay this Consolidated Action in deference to any other derivative action.

5. Within two (2) weeks of the expiration or lifting of the stay, the Parties will meet and confer to agree upon a schedule for proceedings in this action and file a stipulation regarding the same with the Court.

6. Plaintiffs may file an amended complaint during the pendency of the stay, but such

filing will not affect the pendency of the stay, and Defendants will not be required to move, answer, plead, or otherwise respond to any complaint during the pendency of the stay of proceedings.

7. During the pendency of the stay, should Cassava produce documents in connection with a books and records demand under 8 Del. C. § 220 or another filed or threatened stockholder derivative action concerning the subject matter at issue in this action, Cassava shall also promptly make those documents available to Plaintiffs, subject to the execution of a mutually agreeable confidentiality agreement or protective order.

8. During the pendency of the stay, Cassava will include Plaintiffs in any mediation with the plaintiff(s) in the Securities Class Action (or any filed or threatened derivative action concerning the same subject matter), except that if plaintiffs in the Securities Class Action (or any filed or threatened derivative action) object to including Plaintiffs in such mediation, Cassava will mediate with Plaintiff at or about the same time.

9. The stay established herein will terminate upon any of the following events: (i) entry of an order adjudicating a motion for summary judgment filed by any of the defendants in the Securities Class Action; (ii) the announcement that the parties in the Securities Class Action have executed a settlement agreement, or (iii) upon thirty (30) days' notice via email to the undersigned counsel for Defendants by Plaintiffs in the event that another derivative action concerning the same or similar subject matter ("Other Derivative Actions") is not stayed for at least the same duration or if the stays in the Other Derivative Actions are terminated.

10. The Related Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 1:24-CV-02223:

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Marti et al. v. Barbier et al.* | 1:24-cv-02223 | March 18, 2024 |

| *Garza v. Barbier et al.* | 1:24-cv-02725 | April 4, 2024 |

11. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE CASSAVA SCIENCES, INC. DERIVATIVE LITIGATION | Lead Case No. 1:24-cv-02223 |
| This Document Relates to:<br><br>ALL ACTIONS | |

12. All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 1:24-cv-02223.

13. Lead Counsel for plaintiffs in the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

14. Plaintiffs' Lead Counsel shall have the sole authority to speak for plaintiffs in the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

15. Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Lead Counsel.

4

16. Counsel for all of the Defendants may rely upon all agreements made with Lead Counsel, or other duly authorized representatives of Lead Counsel, and such agreements shall be binding on all plaintiffs.

17. This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Cassava Sciences, Inc. Derivative Litigation*, Lead Case No. 1:24-CV-02223, is hereafter filed in the Court, removed to this Court, reassigned to the Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Cassava Sciences, Inc. Derivative Litigation*, Lead Case No. 1:24-CV-02223, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions involving Cassava filed in this Court, and such shareholder derivative actions shall be consolidated into the Consolidated Action.

18. All papers and documents previously filed and/or served in the Related Actions shall be deemed a part of the record in the Consolidated Action.

19. The Parties do not waive any rights or defenses not specifically addressed herein.

SO ORDERED in No. 24-cv-02223 and No. 24-cv-02725.

Date: September 6, 2024

_____
JOHN F. KNESS
United States District Judge

5